**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **CHRISTOPHER WILLARD,** | : |
| | : |
| Plaintiff, | : Case No. 2:19-cv-4959 |
| | : |
| v. | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| | : |
| **OHIO DEPARTMENT OF** | : **Magistrate Judge Vascura** |
| **REHABILITATION & CORRECTIONS,** | : |
| *et al.*, | : |
| | : |
| Defendants. | : |

**OPINION & ORDER**

This matter comes before the Court on Plaintiff's Motion for Emergency Injunctive Relief (ECF No. 1) and Magistrate Judge Vascura's December 5, 2020 Report and Recommendation that Plaintiff's complaint be dismissed for failure to state a claim on his federal claims and that his state claims be dismissed without prejudice. (ECF No. 7). This Court **DENIES as moot** Plaintiff's Motion for Emergency Injunctive Relief and **ADOPTS** the Magistrate Judge's Report and Recommendation dismissing Plaintiff's complaint. Plaintiff's federal claims are hereby **DISMISSED** for failure to state a claim and his state law claims are **DISMISSED without prejudice.**

## I. BACKGROUND

On November 8, 2019, Plaintiff Christopher Willard filed a pro se Motion for Emergency Injunctive Relief seeking to compel Defendants to provide him with medical treatment for several pre-existing conditions. (ECF No. 1). At the time, Plaintiff was incarcerated at the Belmont Correctional Institution ("BCI") in St. Clairesville, Ohio. (*Id.*). Plaintiff has since filed a

change of address notice indicating he is currently residing at an address associated with the Volunteers of American Mansfield Residential Reentry Program. (ECF No. 10). The ODRC database indicates Willard was released from BCI on January 8, 2020.

After Willard filed his Motion, Magistrate Judge Vascura issued an Order and Notice of Deficiency directing Willard to provide proper documentation to support his motion to proceed *in forma pauperis* and submit a complaint so that the Court could rule on his emergency motion. (ECF No. 3). He filed a complaint and proper documentation for his motion to proceed *in forma pauperis* on November 25, 2019, which the Court granted. (ECF Nos. 4, 7).

Willard brings this civil action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"), BCI, and ODRC physician, Dr. Eddy, alleging Defendants' failure to provide medical treatment was negligent, in violation of the Eighth Amendment, and in violation of an order from the Cuyahoga County Court of Common Pleas. (ECF No. 6). He alleges he had been diagnosed with rheumatoid arthritis, psoriatic arthritis, and psoriasis prior to his incarceration. (*Id.* at ¶ 13). He was receiving the medication Enbrel for these conditions until the ODRC supply depleted, and alleges he received an order from the Cuyahoga Court of Common Pleas after appearing for resentencing, which required ODRC to dispense Enbrel. (*Id.* ¶ 18). He claims ODRC did not immediately comply, though began prescribing Enbrel after Willard was seen by a rheumatologist. (*Id.* at ¶¶ 21-23). He now alleges that on October 25, 2019, he was informed that ODRC was no longer dispensing that medication and was not providing alternative treatments. (*Id.* at ¶¶ 24-26).

Magistrate Judge Vascura issued a Report and Recommendation that Plaintiff's complaint be dismissed on December 5, 2020. (ECF No. 7). She recommended his federal claims

be dismissed for failure to state a claim and his state claims be dismissed without prejudice. (*Id.*). Plaintiff filed a timely Objection on December 12, 2020. (ECF No. 8).

## II. STANDARD OF REVIEW

28 U.S.C. § 1915(e)(2) provides that, upon a proper filing of an action by a prisoner *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that… (B) the action or appeal is (i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief."

The Court applies the same Rule 12(b)(6) standard for failure to state a claim to review under 28 U.S.C. § 1915(e)(2)(B)(ii)). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." The Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). If more than one inference may be drawn from an allegation, the Court must resolve the conflict in favor of the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The Court cannot dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint's factual allegations "must be enough to raise a right to

relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. LAW & ANALYSIS

Willard argues that Defendants' failure to prescribe the medication Enbrel violates the Eighth Amendment because it amounts to deliberate indifference to his medical needs and that a preliminary injunction is necessary to prevent irreparable harm. (ECF No. 1 at 6). An Eighth Amendment claim for failure to provide medical care "must show that the state defendants exhibited 'deliberate indifference' to [the prisoner's] 'serious' medical needs." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199 n.5 (1989) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004)).

First, this Court finds Plaintiff's request for declaratory and injunctive relief moot because his latest filing and the ODRC database indicate he is no longer incarcerated at BCI and was released on January 8, 2020. (ECF No. 10). The Sixth Circuit has held, "a prisoner's claim for declaratory and injunctive relief against certain prison officials became moot once the prisoner was transferred from the prison of which he complained to a different facility."

4

*Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996)).

With respect to Plaintiff's claims for damages, this Court agrees with the Magistrate Judge's Report and Recommendation that the Eighth Amendment claim be dismissed. Magistrate Judge Vascura concluded that Willard's claim that he was not provided alternative medications is contradicted by the documentation he provided. (ECF No. 7 at 8). Plaintiff's allegations that Defendants discontinued Enbrel does not, on its own, amount to deliberate indifference, unless Plaintiff can show Defendants were deliberately indifferent to the inefficacy of the alternate treatment.

Notes from prison officials' investigation into Willard's grievance indicate medical professionals met with Willard to discuss a treatment plan and noted "submission of a secondary non-formulary request for the medication of naproxen was completed and a prescription of Elavil was written." (ECF No. 4-1 PAGE ID #64). He disputes the likely efficacy of these treatments, and alleges that, untreated, his conditions may result in a number of harmful effects, including joint deformities, swelling, limited movement, and chronic pain. (ECF No. 6 at ¶ 33). However, Plaintiff's allegations regarding the potential efficacy of the alternate treatment plan and prescriptions are merely speculative. The Sixth Circuit has held, "[a] patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003).

As Magistrate Judge Vascura notes in her Report and Recommendation, several courts have considered similar constitutional challenges to a prison official's discontinuation of or refusal to prescribe Enbrel and have dismissed those claims. *See, e.g.*, *Neeley v. Carrillo*, No. 14-

0542, 2014 WL 2711160, at *4- 6 (E.D. Penn June 16, 2014) (dismissing Eighth Amendment claim predicated on discontinuation of Enbrel, finding Plaintiff failed to show deliberate indifference based on "mere disagreement" about medical treatment for his condition); *McClary v. Huston*, No. 11-1394, 2013 WL 4448576, at *5 (C.D. Ill. Aug. 16, 2013) (the Eighth Amendment does not require a prisoner's agreement with a particular mode of treatment absent a showing of deliberate indifferent, and physician's decision to discontinue Enbrel and prescribe Naprosyn to treat inmate's rheumatoid arthritis did not amount to medical indifference); *Krantz v. Boeckman*, No. 11-4169, 2012 WL 369444, at *2 (D. S.D. Feb. 3, 2012) (dismissing inmate's claim premised upon his allegations that defendants' refusal to prescribe him Enbrel for his psoriasis was cruel and unusual punishment, explaining that his allegations merely reflected a "disagreement with the course of prescribed treatment").

This Court finds Willard's claims are not sufficient to show deliberate indifference. The allegations demonstrate medical officials were working to devise an alternate treatment plan and were not unresponsive to Willard's grievances. An Eighth Amendment claim may survive dismissal if Plaintiff had alleged Defendants "knowingly ignore[] his complaints of pain by continuing with a course of treatment that was ineffective and less efficacious without exercising professional judgment." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). However, the complaint does not allege the treatments provided were in fact ineffective. At this stage, his allegations about the harms he anticipates are merely speculative.

With respect to Plaintiff's request that this Court held ODRC in contempt for failing to comply with an order from the Cuyahoga Court of Common Pleas, Magistrate Judge Vascura recommended dismiss this claim without prejudice for lack of jurisdiction. (ECF No. 7 at 10). This Court agrees. Claims of contempt should be settled by the issuing court. *See Leman v.*

*Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 452 (1932) ("Disobedience constituted contempt of the court which rendered the decree"); *Bedel v. Thompson*, 956 F.2d 1164, 1992 WL 44883, at *4 (6th Cir. 1992) ("Enforcement of the injunction through a contempt proceeding must occur in the issuing jurisdiction"); *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985) ("the sole adjudication of contempts, and the punishments thereof [belong] exclusively ... to each respective court").

Plaintiff appears to base his objection to the Magistrate Judge's Report and Recommendation on the argument that the Court should apply pendant jurisdiction to his state law claims. However, this argument is beside the point, given the Court's dismissal of Plaintiff's federal claims. Plaintiff's Objections do not address the Magistrate Judge's conclusions regarding his Eighth Amendment claim, other than to broadly re-allege that the discontinuation of Enbrel amounted to a constitutional violation. Having reviewed the Magistrate's Report and Recommendation and finding no more persuasive basis to support Plaintiff's claims in his Objection, this Court concludes that Plaintiff's federal claims should be dismissed for failure to state a claim and declines to exercise supplemental jurisdiction over any remaining state claims.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Emergency Injunctive Relief (ECF No. 1) is **DENIED as moot.** The Court further **ADOPTS** the Magistrate Judge's Report and Recommendation dismissing Plaintiff's complaint. (ECF No. 7). Plaintiff's federal claims are hereby **DISMISSED** for failure to state a claim and his state law claims are **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:  June 15, 2020**